■ Tʜᴇ Pᴇᴏᴘʟᴇ ᴏғ ᴛʜᴇ Sᴛᴀᴛᴇ ᴏғ Nᴇᴡ Yᴏʀᴋ, Respondent, v Bᴏᴜʙᴀᴄᴀʀ Bᴀʀʀʏ, Appellant. [732 NYS2d 155] —Judgment, Supreme Court, New York County (Donna Mills, J.), rendered May 6, 1999, convicting defendant, after a jury trial, of attempted assault in the first degree and assault in the second degree, and sentencing him to concurrent terms of seven years, unanimously affirmed.

Defendant failed to preserve his claim that the discussions between the court, the prosecutor and the complainant concerning perjury prevented the complainant from giving exculpatory testimony and deprived him of his right to present a defense and we decline to review it in the interest of justice. Were we to review this claim, we would find that these discussions with the complainant, who had become a reluctant witness, were appropriate under the circumstances and were not intimidating (*compare, People v Moore*, 194 AD2d 695, *lv denied* 82 NY2d 807, *with People v Shapiro*, 50 NY2d 747, 761-762). The complainant ultimately refused to testify at trial. In any event, she had fully inculpated defendant before the Grand Jury, and defendant's present claim that she might have provided favorable testimony and that such testimony might have affected the verdict rests entirely on speculation. Concur—Sullivan, P. J., Rosenberger, Nardelli, Rubin and Friedman, JJ.

■ Tʜᴇ Pᴇᴏᴘʟᴇ ᴏғ ᴛʜᴇ Sᴛᴀᴛᴇ ᴏғ Nᴇᴡ Yᴏʀᴋ, Respondent, v Dᴀᴍɪᴀɴ Bʀᴏᴡɴ, Appellant. [732 NYS2d 155] —Judgment, Supreme Court, New York County (William Leibovitz, J.), rendered July 28, 1999, convicting defendant, after a jury trial, of criminal possession of a controlled substance in the third and fourth degrees, and sentencing him, as a second felony offender, to concurrent terms of 5 to 10 years and 4 to 8 years, respectively, unanimously affirmed.

Defendant's generalized request to take the testimony of a suddenly hospitalized defense witness "by speaker phone, make some arrangements" failed to preserve his claim that the court should have conducted a conditional examination pursuant to CPL article 660, as well as his constitutional claim that he was deprived of his right to present a defense, and we decline to review them in the interest of justice. Were we to review these claims, we would find that the court properly exercised its discretion in denying defendant's request, made on the last day of the trial, for such "arrangements." The witness's proposed testimony would have been cumulative to evidence presented by other defense witnesses (*see, Matter of Anthony M.*, 63 NY2d 270, 283-284). Concur—Sullivan, P. J., Rosenberger, Nardelli, Rubin and Friedman, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DOMINGO GONZALEZ, Appellant. [732 NYS2d 156] —Judgment, Supreme Court, Bronx County (Edward Davidowitz, J.), rendered October 28, 1999, convicting defendant, after a jury trial, of robbery in the first degree, and sentencing him, as a second felony offender, to a term of 12 years, unanimously affirmed.

The verdict was not against the weight of the evidence. There is no basis upon which to disturb the jury's determinations concerning identification. The evidence featured testimony that the victim, who had an ample opportunity to observe defendant and accurately described defendant and his clothing, followed defendant to a building where he was arrested. The jury's mixed verdict does not warrant a contrary conclusion (*see, People v Rayam*, 94 NY2d 557).

Defendant's challenge to the court's *Allen* charge is unpreserved and we decline to review it in the interest of justice. Were we to review this claim, we would find that the *Allen* charge, viewed as a whole, was balanced and not coercive (*see, People v Ford*, 78 NY2d 878). Concur—Sullivan, P. J., Rosenberger, Nardelli, Rubin and Friedman, JJ.

■ PULLMAN GROUP, L. L. C., Appellant, v PRUDENTIAL INSURANCE COMPANY OF AMERICA et al., Respondents. [733 NYS2d 1] —Judgment, Supreme Court, New York County (Beatrice Shainswit, J.), entered August 18, 2000, dismissing the complaint pursuant to an order, same court and Justice, entered on or about August 18, 2000, which granted defendants' motion to dismiss the complaint pursuant to CPLR 3211 (a) (1), (3) and (7), unanimously affirmed, with costs. Appeal from the aforesaid order unanimously dismissed, without costs, as